United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 10, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-41524
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE GENARO HERNANDEZ-RODRIGUEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:03-CR-574-1
--------------------

Before REAVLEY, JOLLY, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

Jose Genaro Hernandez-Rodriguez (Hernandez) appeals his sentence imposed on a guilty-plea conviction for illegal reentry into the United States following deportation. 8 U.S.C. § 1326 (a) & (b). Hernandez argues that the district court misapplied the sentencing guidelines by assigning a 16-level enhancement by determining that his prior state-court conviction of unlawful restraint constituted a crime of violence under U.S.S.G.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 2L1.2(b)(1)(A)(ii)(Nov. 2002). In reviewing a sentence under the Sentencing Guidelines, this court reviews the district court's interpretation of the guidelines de novo. See United States v. Villegas, 404 F.3d 355, 359 (5th Cir. 2005).

Hernandez argues that his unlawful restraint offense did not necessarily require proof of an element involving the intentional use or threatened use of physical force against a person and, thus, it is not a crime of violence within the meaning of U.S.S.G. § 2L1.2(b)(1)(A). The 16-level enhancement is to be made only if the prior offense is a violation of a statute that has as an element "the use, attempted use, or threatened use of physical force against the person of another." United States v. Calderon-Pena, 383 F.3d 254, 255 (5th Cir. 2004) (en banc) (internal quotation marks and citation omitted), cert denied, 125 S. Ct. 932 (2005). The Texas unlawful restraint statute provides for the commission of the offense in a number of different ways, some of which do not require the use, attempted use, or threatened use of physical force against a person. See TEX. PENAL CODE ANN. §§ 20.01 & 20.02 (Vernon 1999). Because the Texas statute--even after any attempt to "pare" it down based on the indictment--does not require that such use of force be proved as an element of the offense, the district court erred in assigning the 16-level enhancement. See Calderon-Pena, 383 F.3d at 259-61. Accordingly, the sentence imposed is VACATED, and the case is REMANDED for resentencing in accord with this opinion.